TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-109 |
| of | : | |
| | : | June 15, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE LYLE D. ROSE, COUNTY COUNSEL, PLACER COUNTY, has requested an opinion on the following question:

May a public cemetery district use the income from its endowment care fund to maintain the roads located within the boundaries of the cemetery?

CONCLUSION

A public cemetery district may use the income from its endowment care fund to maintain the roads located within the boundaries of the cemetery.

ANALYSIS

Cemeteries in California are operated by cities and counties (Health & Saf. Code, §§ 8125-8137),[1] private corporations (§§ 8275-8829), and public cemetery districts (§§ 8890-9309). We are asked herein whether a public cemetery district may use a portion of its endowment care fund to maintain the roads located within the boundaries of the cemetery.[2] We conclude that it may.

_____

[1]All section references are to the Health and Safety Code unless otherwise indicated.

[2]The possible range of expenses incurred in the operation and maintenance of a cemetery was examined in a 1971 informal opinion (Cal. Atty. Gen., Indexed Letter, No. IL 71-111 (May 12, 1971)), where we reviewed a trust agreement which stated with respect to a cemetery's general care and maintenance:

Since 1985 public cemetery districts have been required to establish an "endowment care fund." Section 9000 provides:

"The [district] trustees shall, on or before July 1, 1985, establish and create a fund to be known as `the endowment care fund,' and, for this purpose, may set aside, use, and apply from any unexpended funds a sum which, in the judgment of the trustees, may be necessary or expedient to provide for the endowment care of the burial lots in the cemetery and for this purpose may receive property by grant, gift, devise, or any other method.

"The trustees shall require a deposit in the endowment care fund for each burial right sold, which shall be established by the trustees in an amount not less than the minimum amount set forth in Section 8738."

Deposits in an endowment care fund made by a public cemetery district are controlled by the terms of section 8961.4, which states in part:

"The board shall require a deposit in the endowment care fund which shall be established by the trustees in an amount not less than the minimum amount set forth in Section 8738 or any amendments thereto. The amount of the deposits shall not be greater than the amount which is required to produce sufficient income to defray actual costs of care and maintenance of the cemetery or cemeteries for which the endowment care fund has been established."

Section 8738, referenced in both sections 8961.4 and 9000, provides:

"An endowment care cemetery is one which has deposited in its endowment care fund the minimum amounts heretofore required by law and shall hereafter have deposited in its endowment care fund at the time of or not later than completion of the initial sale not less than the following amounts for plots sold or disposed of:

"(a) Two dollars and twenty-five cents ($2.25) a square foot for each grave.

"(b) Thirty five dollars ($35) for each niche.

---

". . . The principle of said sums is to remain intact and the net income of the trust fund is to be used `. . . for maintenance and overhead, maintaining and repairing fences, roadways and walks; drains and water systems, trees, shrubs, borders and lots; tools, machinery and equipment; buildings, statues and structures; insurance coverage of all kinds; ownership and burial records; administrative services properly applicable to the operation of the property and other necessary appurtenances and services at reasonable intervals and proportions, the allocations of which out of the funds available, shall be in the discretion of the cemetery.'"

"(c) One hundred ten dollars ($110) for each crypt; provided, however, that for companion crypts, there shall be deposited one hundred ten dollars ($110) for the first crypt and fifty-five dollars ($55) for each additional crypt."

Two other statutes governing endowment care cemeteries are relevant to our inquiry. Section 8729 authorizes the "use [of] the income from such endowment care fund for the care, maintenance, and embellishment in accordance with the plan adopted, for the cemetery and its appurtenances . . . ." Section 8736 provides:

"The endowment care fund and all payments or contributions to it are hereby expressly permitted as and for charitable and eleemosynary purposes. Endowment care is a provision for the discharge of a duty due from the persons contributing to the persons interred and to be interred in the cemetery and a provision for the benefit and protection of the public by preserving and keeping cemeteries from becoming unkept and places of reproach and desolation in the communities in which they are situated."

In analyzing these various statutory provisions, we may rely upon several well-established principles of statutory interpretation. "In construing a statute a court's objective is to ascertain and effectuate the underlying legislative intent." (*Moore* v. *California State Bd. of Accountancy* (1992) 2 Cal.4th 999, 1012.) "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208-209.) "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) "When two statutory constructions appear possible, this court's policy has long been to favor the construction that leads to the more reasonable result." (*Webster* v. *Superior Court* (1988) 46 Cal.3d 338, 343.)

Pursuant to section 8961.4, deposits in an endowment care fund maintained by a public cemetery district "shall not be greater than the amount which is required to produce sufficient income to defray actual costs of care and maintenance of the cemetery or cemeteries for which the endowment care fund has been established." Maintaining the access roads within a cemetery in a safe condition would clearly constitute the "care and maintenance of the cemetery."

Such construction of section 8961.4 is consistent with the provisions of the related statutory scheme governing endowment care cemeteries. Pursuant to the latter legislation, the income of an endowment care fund is to be used "for the care, maintenance, and embellishment [of] . . . the cemetery and its appurtenances" (§ 8729) and "for the benefit and protection of the public by preserving and keeping cemeteries from becoming unkept and places of reproach and desolation in the communities in which they are situated" (§ 8736). Maintaining the roads within a cemetery in a safe condition not only constitutes the care of the cemetery and its appurtenances but also protects the public by preventing the cemetery from becoming "unkept" and a place "of reproach and desolation."

We do not view the language of section 9000 as inconsistent with the above interpretation given to section 8961.4. While income from an endowment care fund is "to provide for

the endowment care of the burial lots in the cemetery" (§ 9000), the care of the burial lots reasonably includes the maintenance of the roads within the cemetery so as to allow safe access to the burial lots. Without access to the burial lots, they cannot be maintained.

The "burial lots" language of section 9000 may not be read in isolation   and be given a restrictive meaning inconsistent with the statute's other provisions.  Both sections 8961.4 and 9000 require that the deposits in an endowment care fund maintained by a public cemetery district be "in an amount not less than the minimum amount set forth in Section 8738."  As previously indicated, the endowment care funds established pursuant to section 8738 are to provide "care, maintenance, and embellishment [of] . . . the cemetery and its appurtenances" (8729).  It would be anomalous for the Legislature to set the minimum amount for an endowment care fund established by a public cemetery district at the section 8738 level of deposits and then prevent the district from using the funds for a similar range of services.  We do not construe section 9000 in such a manner so as to be unreasonable, internally inconsistent, and at odds with section 8961.4 and related statutes.

Accordingly, we conclude that a public cemetery district may use the income from its endowment care fund to maintain the roads located within the boundaries of the cemetery.

* * * * *